IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CLIFFORD WILLIAMS,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-CV-1678-D |
| ) | |
| **USAA CASUALTY INSURANCE CO.,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff has filed this action for recovery of damages resulting from a car accident. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendant is USAA Casualty Insurance Company.

**Factual background:**

Plaintiff states he was driving a car insured by Defendant when he was involved in an accident. Plaintiff states that as a result of the accident, he incurred medical bills and his car was a total loss. He seeks $25,000 in damages from Defendant.

**Discussion:**

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the

jurisdictional issue at any time. *Id*. Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

In this case, Plaintiff alleges diversity jurisdiction exists under 28 U.S.C. § 1332. Diversity jurisdiction requires (1) diversity of citizenship among the parties; and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

Plaintiff states he is a citizen of Texas and Defendant is a citizen of Alabama. He therefore alleges diversity of citizenship. Plaintiff, however, has failed to allege that the amount in controversy exceeds $75,000. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Celestine v. Transwood, Inc*., 467 Fed. Appx. 317, 318 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Plaintiff states he is seeking damages of $25,000. This damage amount includes $10,000 for the total loss of his car, and $3,400 in medical bills. (Magistrate Judge's Questionnaire, Answer No.1.) Plaintiff has therefore failed to show that diversity jurisdiction exists.

**RECOMMENDATION:**

The Court recommends that this case be dismissed for lack of subject matter jurisdiction.

Signed this 1st day of August, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).